**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave., Suite 610<br>Silver Spring, MD 20910<br><br>*Plaintiff*,<br>v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendant.* | CIVIL ACTION NO. 26-cv-3952<br><br>**COMPLAINT** |

**INTRODUCTION**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the Bureau of Land Management ("BLM") to immediately process, make a final determination on, and timely release all non-exempt records sought by PEER on the 2025 AIM Survey and responses.

2. Access to survey responses regarding how BLM employees use data collected through the Assessment Inventory and Monitoring (AIM) program will provide the public critical information regarding how AIM data plays a role in land management decisions.[1]

3. The survey responses will also provide information regarding whether BLM plans to continue implemention of the AIM program, particularly in light of cuts to operating budgets, projected

[1] A general description of the AIM strategy can be found on BLM's website. *See Assessment, Inventory, and Monitoring (AIM)*, https://www.blm.gov/aim (last accessed Oct. 29, 2026).

loss of more than 3,000 staff members in the last two years, and increased pressure to expand grazing, oil extraction, and other activities on BLM-managed lands. *See, e.g., Progress on Public Lands: BLM 2025 Trump Administration Accomplishments*, www.blm.gov/blog (Jan. 6, 2026), https://www.blm.gov/blog/2026-01-06/progress-public-lands-blm-2025-trump-administration-accomplishments-jan-20-Dec-31-2025 (describing "major strides in putting America's public lands to work for the American people"). PEER has worked to provide information to the public about these pressures. *See, e.g.,* Chandra Rosenthal, *America's Ailing Overgrazed Rangelands*, PEEReview (Jul. 17, 2024), https://peer.org/commentary-americas-ailing-overgrazed-rangelands/; *see also* Chandra Rosenthal, *As Randeland Health Declines, BLM Stops Monitoring* (Mar. 26, 2026), https://peer.org/as-rangeland-health-declines-blm-stops-monitoring/; *see also Bureau of Land Management Being Hollowed Out* (June 3, 2026), https://peer.org/bureau-of-land-management-being-hollowed-out/; *New Secretarial Order Prioritizes Grazing Above All Else on Public Lands* (Oct. 27, 2026), https://peer.org/new-secretarial-order-prioritizes-grazing-above-all-else-on-public-lands/.

4. On May 21, 2026, PEER submitted a FOIA request to the Bureau of Land Management for copies of the AIM Survey, the AIM Survey responses, and any deliverables generated in response to the data collected from the AIM Survey.

5. Defendant failed to produce any of the requested records or make a final determination on PEER's FOIA request by the statutory deadline and has continued to fail to fulfill these obligations in the ensuing months. PEER brings this action against BLM under FOIA, 5 U.S.C. § 522, and the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

7. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

8. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

9. Plaintiff has exhausted or is deemed to have exhausted its administrative remedies for this request pursuant to 5 U.S.C. § 552(a)(6)(C)(i) because Defendant failed to comply with FOIA's applicable time limits. Plaintiff is now entitled to judicial relief under U.S.C. § 552(a)(4)(B), 28 U.S.C. § 2201 *et. seq.*, enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

10. Plaintiff is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland.

11. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. Therefore, PEER has an institutional investment in the conduct of BLM and how its employees use data from the AIM Program. PEER educates and informs the public through news releases to the

media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

12. Defendant, BLM, is an agency of the United States Department of the Interior ("DOI") and an agency of the federal government as defined by 5 U.S.C. § 552(f)(1).

13. Upon information and belief, BLM has in its possession, custody, or control the records responsive to PEER's FOIA request.

## LEGAL BACKGROUND

14. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

15. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

16. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

17. On May 21, 2026, PEER submitted a FOIA request to BLM. In its request, PEER explained that: "In December 2025, the AIM Improvement Team circulated a survey ('AIM Survey') to

certain BLM staff requesting information about the utility of the AIM program and how to improve program performance." PEER's FOIA request seeks the following:

1. A copy of the AIM Survey circulated to BLM staff by the AIM Improvement Team.
2. All of the AIM Survey responses submitted by BLM staff to the AIM Improvement Team or any other point of contact for AIM survey responses.
3. Any reports, summaries, or other deliverables generated in response to the data collected from the AIM Survey.

With regard to request #2, PEER stated that it "does not request any personally identifiable information (PII) for employees who submitted the survey."

18. In its FOIA request, PEER also stated that: "Custodians for these records should include, but are not limited to, the following persons or entities: 1) Members of the AIM Improvement Team."

19. The same day that PEER submitted its FOIA request, May 21, 2026, PEER received an email from the DOI FOIA Office stating that the DOI had received PEER's BLM FOIA request and assigned it the control number DOI-2026-006451. The email also stated that: "For any further correspondence, please contact the bureau at https://www.doi.gov/foia/contacts."

20. On the website https://www.doi.gov/foia/contacts, "Ryan Witt" is listed as the contact for BLM.

21. On July 16, 2026, PEER emailed Ryan Witt. PEER asked: "[w]ould it be possible for you to let PEER know the estimated date of production for this FOIA submitted on May 21?"

22. On August 4, 2026, PEER followed up with Ryan Witt in an email, stating: "With budget realignments and staff cuts at BLM, we are very interested in this production—the employee survey on the land health assessment program, that is the Assessment Inventory and

Monitoring (AIM) program. Would it be possible for you to provide an update on this production?"

23. On August 19, 2026, PEER again followed up in an email: "We have not heard from you or anyone at BLM on the status of this FOIA. Is there someone else at BLM that I should be checking in with?"

24. On August 20, 2026, Ryan Witt responded in an email and wrote that "the HQ FOIA team will provide an update to you." That same day, PEER replied and wrote: "Thank you – looking forward to hearing more."

25. On August 28, 2026, PEER wrote to Ryan Witt, as well as a few other blm.gov email addresses, including BLM_WO_FOIA@blm.gov. PEER again asked after the FOIA request: "I'm interested in speaking with someone at HQ FOIA to understand the timeline. Is there someone assigned to this FOIA who would be willing to discuss?".

26. To date, PEER has not received a final determination or any records related to this request.

## CLAIM FOR RELIEF

### Violation of the Freedom of Information Act, 5 U.S.C. § 552

27. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

28. PEER properly requested records within the possession, custody, and control of BLM.

29. BLM is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

30. Under FOIA, BLM was required to respond to PEER's FOIA request and to notify Plaintiff of its determination within twenty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i).

31. Twenty working days from PEER's FOIA May 21, 2026 request to BLM, DOI-2026-006451,

was June 22, 2026. At no time did BLM claim an extension was necessary due to "unusual circumstances."

32. As of the date of this filing, BLM has not made the records "promptly available" nor has BLM made a final determination on PEER's FOIA request within twenty working days.

33. The failure of BLM to provide PEER with the timely release of all non-exempt records requested and its failure to make a final determination on PEER's FOIA request within the statutory deadline are violations of 5 U.S.C. § 552.

34. Plaintiff has constructively exhausted its administrative remedies for the FOIA request described in this complaint and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

35. Unless it is enjoined by this Court, BLM will continue to violate PEER's legal right to be provided with the information that PEER sought in its FOIA request.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Order BLM to immediately make a final determination and produce the non-exempt records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs, pursuant to 5 U.S.C. § 552(a)(4)(E);

ii. Declare unlawful Defendant's failure to provide Plaintiff with the statutorily-required determination on the FOIA request within the FOIA deadline;

iii. Declare unlawful Defendant's failure to make the requested records promptly available to Plaintiff;

iv. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

v. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

vi. Order Defendant to produce a Vaughn index of any responsive records or portions of records withheld under the claim of a FOIA exemption;

vii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court; and

viii. Grant such other relief as the Court deems just and proper.

Respectfully submitted on November 9, 2026,

*/s/ Isabelle Dietz*
Isabelle Dietz, DC Bar #1735438
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
202-265-4189
idietz@peer.org

*Attorney for Plaintiff*